Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
SOUTHERN District of IOWA
CENTRAL Division

| | |
|---|---|
| TOMIKA HINDSON "Pro Se"<br>*Plaintiff(s)*<br>(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)<br>-v-<br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br>CORPORATION SERVICE COMPANY<br>*Defendant(s)*<br>(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. _____<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)*  ☒ Yes  ☐ No<br><br>**RECEIVED**<br>SEP 2 2 2023<br>CLERK U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF IOWA |

## COMPLAINT FOR A CIVIL CASE

I.  **The Parties to This Complaint**

   A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | TOMIKA HINDSON |
   | Street Address | P.O. BOX 3754 |
   | City and County | URBANDALE, POLK |
   | State and Zip Code | IOWA 50323 |
   | Telephone Number | 928-875-5124 |
   | E-mail Address | HINDSON.TOMIKA74@YAHOO.COM |

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
- Name: PORTFOLIO RECOVERY ASSOCIATES, LLC
- Job or Title *(if known)*:
- Street Address: 120 CORPORATE BOULEVARD SUITE 100
- City and County: NORFOLK, NORFOLK COUNTY
- State and Zip Code: VIRGINIA 23502
- Telephone Number: 800-772-1413
- E-mail Address *(if known)*:

Defendant No. 2
- Name: CORPORATION SERVICE COMPANY
- Job or Title *(if known)*: AGENT
- Street Address: 505 5TH AVENUE SUITE 729
- City and County: DES MOINES, POLK COUNTY
- State and Zip Code: IOWA 50309
- Telephone Number: 800-927-9800
- E-mail Address *(if known)*:

Defendant No. 3
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 4
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

E-mail Address *(if known)* _____

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question        ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

This Court has jurisdiction over this matter Pursuant to 15 USC § 1692k and 28 USC § 1331. Venue is proper in this district under 28 USC § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred, also the Plaintiff resides in the States where the event takes place.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
      and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

       The defendant, *(name)* _____, is a citizen of
       the State of *(name)* _____. Or is a citizen of
       *(foreign nation)* _____.

   b.   If the defendant is a corporation
       The defendant, *(name)* _____, is incorporated under
       the laws of the State of *(name)* _____, and has its
       principal place of business in the State of *(name)* _____.
       Or is incorporated under the laws of *(foreign nation)* _____,
       and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

September 11, 2023

I.  JURISDICTION AND VENUE:

This Court has jurisdiction over this matter Pursuant to 15 USC § 1681p and 28 USC §§ 1331 and 1337. Venue is proper in this district under 28 USC § 1391(b).

II.  COMPLAINT AND DEMAND FOR JURY TRIAL FOR THE FOLLOWING CLAIM(S):

Fair Debt Collection Practices Act: 15 USC § 1692b(2), 15 USC § 1692b(5), 15 USC § 1692e(2)(A), & 15 USC § 1692e(10).

III.  PARTIES:

1. Plaintiff (Tomika Hindson) is a natural person, a resident of Urbandale, Iowa and is a "consumer" as defined by the FDCPA 15 USC § 1692a(3).

2. Plaintiff (Tomika Hindson), files this present Civil Complaint against Defendant(s) PORTFOLIO RECOVERY ASSOCIATES, LLC for several violations of the Fair Debt Collection Practices Act ("FDCPA") 15 USC § 1692 as aforementioned.

3. Defendant (PORTFOLIO RECOVERY ASSOCIATES) is a Foreign Limited Liability Company with a Branch located in Delaware, A Registered address of 120 Corporate Boulevard Suite 100 of Norfolk, Virginia 23502.

4. Defendant (HEREINAFTER) (PRA,LLC) have an Agent Named CORPORATION SERVICE COMPANY located at 505 5th Avenue Suite 729 of Des Moines, Iowa 50309.

5. Defendant (PRA, LLC), a company engaged via use of USPS Mail, Phone, Electronic Communication to collecting alleged debt as defined by 15 USC § 1692a(5) from consumers.

6. Defendant (PRA, LLC), is a large Debt Collection Agency that purchases and or collects charged-off debts from various creditors like Credit Card Companies, Retailers, Banks, Medical Accounts and Installment Loans etc,.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

IV.  FACTUAL ALLEGATIONS:

8. In July 2023, Plaintiff received a collection letter from Defendant, dated July 4, 2023 in regards to an alleged debt owed to Capital One ("First Collection Letter"). The letter indicated that "Mail this form to: PORTFOLIO RECOVERY ASSOCIATES, LLC-140 CORPORATE BLVD-NORFOLK, VA 23502 attached as EXHIBIT A.

9. In response to the "First Collection Letter", on July 20, 2023 Plaintiff mailed a letter to Defendant ("Plaintiff Response Letter") to the address indicated in the First Collection Letter. In Plaintiff's Response Letter, Plaintiff stated a refusal to pay the alleged debt and a request to cease further communications regarding the alleged debt. Plaintiff also requested verification of the alleged debt in writing. Plaintiff's Response Letter was dated July 15, 2023 and was sent via USPS certified mail, as evidenced by Certified Tracking Receipt

#9589-0710-5270-0895-8108-59, attached as EXHIBIT B.

10. On August 25, 2023, Plaintiff received a second letter from the Defendant, dated July 15, 2023 ("Second Letter") due to the timing, Plaintiff believes the Second Letter and the Plaintiff's Response Letter may have crossed in the mail attached as EXHIBIT C.

11. On August 29, 2023, Plaintiff received a third letter from Defendant, dated August 22, 2023 ("Third Letter") attached as EXHIBIT D.

12. On August 28, 2023, Plaintiff received Plaintiff's Response Letter that had been sent to the Defendant on July 20, 2023 via certified mail. The returned letter now had a yellow label stating, "Unable To Forward" and "Return To Sender". Upon inspecting the returned letter, Plaintiff then examined the addresses listed on the other correspondence from the Defendant. Plaintiff noticed the addresses differed between the First, Second and third correspondence to which the Plaintiff's Response Letter was originally mailed attached as EXHIBIT E.

13. Upon examining the addresses listed on the Second and Third correspondence, Plaintiff noted these letters directed payment to "PORTFOLIO RECOVERY ASSOCIATES, LLC-P.O. BOX 12914-NORFOLK, VA 23541" attached as EXHIBIT C and EXHIBIT D respectively.

14. Plaintiff reviewed the tracking history of Plaintiff's Response Letter that was sent to the Defendant via certified mail on July 20, 2023. The tracking history showed the letter arrived in Norfolk, Virginia on or around August 3, 2023 and was then re-routed back to the Plaintiff by August 10, 2023 attached as EXHIBIT F.

15. Upon inspecting the Second and Third correspondences, Plaintiff identified apparent violations of the Fair Debt Collection Practices Act ("FDCPA") contained therein. Specifically, the correspondence appeared to violate:

- 15 USC § 1692b(2) – By stating Plaintiff owes a debt;

- 15 USC § 1692b(5) – Using language and symbol on any envelope or it's contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt.

- 15 USC § 1692e(2)(A) – False representation of the Character, Amount, or legal status of a debt.

- 15 USC § 1692e(10) – The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a concerning a consumer.

These apparent FDCPA Violations formed the basis for Plaintiff bringing this Complaint against Defendant.

COUNT I: VIOLATION OF 15 USC § 1692b(2)

16. Plaintiff realleges and reincorporates by referencing paragraphs 1-15 as though fully set forth herein.

17. Defendant, sent Plaintiff a collection letter regarding an alleged debt, which letter stated Plaintiff owed a debt, in violation of 15 USC § 1692b(2).

18. On July 15, 2023, Plaintiff sent a response letter requesting Defendant cease further communications, which response letter was returned as undeliverable on August 28, 2023.

19. Despite Plaintiff's request to cease communication, Defendant sent Plaintiff at least two additional correspondences dated July 15, 2023 and August 22, 2023.

20. Defendant provided inconsistent return addresses for the Plaintiff's response versus its own letters,

indicating an invalid or inaccurate address for communication.

21. Defendant's continued communications despite Plaintiff's request, and use of deceptive return addresses, constitutes violations of 15 USC § 1692b(2).

22. Additionally, the return addresses used by the Defendant in the correspondence(s) were deceptive. The first correspondence dated July 4, 2023 instructed the Plaintiff to mail it to "PORTFOLIO RECOVERY ASSOCIATES, LLC-140 CORPORATE BLVD-NORFOLK, VA 23502" (EXHIBIT A). However, the Defendant's subsequent correspondences, dated July 15, 2023 (EXHIBIT C) and August 22, 2023 (EXHIBIT D), displayed the address "PORTFOLIO RECOVERY ASSOCIATES, LLC-P.O. BOX 12914-NORFOLK, VA 23541" as the return address.

### COUNT II: VIOLATION OF 15 USC § 1692b(5)

23. Plaintiff realleges and reincorporates by referencing paragraphs 1-22 as if fully set forth herein.

24. On July 15, 2023 and August 22, 2023, Defendant used language and or symbols on the envelope and or it's contents of the communication was from a debt collector, thus falsely representing the nature of the communication.

25. The Defendant's correspondences, dated July 15, 2023 (EXHIBIT C) and August 22, 2023 (EXHIBIT D), displayed the address "PORTFOLIO RECOVERY ASSOCIATES, LLC-P.O. BOX 12914-NORFOLK, VA 23541" as the return address.

26. By using language and symbols within the contents of the correspondence that indicated the communication was from a debt collector, the Defendant violated 15 USC § 1692b5).

### COUNT III: VIOLATION OF 15 USC § 1692e(2)(A)

27. Plaintiff realleges and reincorporates by referencing paragraphs 1-26 as if fully set forth herein.

28. The Defendant, is in violation of 15 USC § 1692e(2)(A), falsely represented the character, amount, or legal status of the alleged debt.

29. The Defendant's correspondence(s) contained false representations regarding the character, amount, or legal status of the alleged debt.

30. By making false representations regarding the character, amount, or legal status of the alleged debt, the Defendant violated 15 USC § 1692e(2)(A).

COUNT IV: VIOLATION OF 15 USC § 1692e(10)

31. Plaintiff realleges and reincorporates by referencing paragraphs 1-30 as if fully set forth herein.

32. On or around July 15, 2023, and August 22, 2023, Defendant sent Plaintiff correspondence regarding an alleged debt.

33. The Defendant's correspondence(s) contained false representations or deceptive means to collect the alleged debt or obtain information concerning the Plaintiff.

34. By using false representations or deceptive means to collect or attempt to collect the alleged debt,

Defendant violated 15 USC § 1692e(10)'s prohibition on employing false, deceptive, or misleading representations or means in debt collection.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1. Declaring that the Defendant violated the FDCPA specifically 15 USC § 1692b(2), 1692b(5), 1692e(2) and 1692e(10) as alleged herein;

2. Plaintiff respectfully request that the Court award Actual Damages against Defendant Pursuant to 15 USC § 1692k(a)(1) in an amount to be determined by the jury for Defendants' violations of the FDCPA, including but not limited to reimbursement for postage costs associated with this legal action;

3. Plaintiff respectfully request that the Court award additional Statutory Damages of $1,000 per FDCPA violation Pursuant to 15 USC § 1692k(a)(2)(A) against Defendant for each violation of the FDCPA proven at trial;

4. Award Plaintiff such other and further relief as may be just and proper.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff    *[signature]*  _____

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

        Printed Name of Plaintiff    TOMIKA HINDSON

**B.**    **For Attorneys**

    Date of signing: _____

    Signature of Attorney   _____
    Printed Name of Attorney _____
    Bar Number             _____
    Name of Law Firm      _____
    Street Address          _____
    State and Zip Code      _____
    Telephone Number      _____
    E-mail Address          _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Iowa

| | |
|---|---|
| TOMIKA HINDSON "Pro Se" <br><br> *Plaintiff(s)* <br> v. <br> PORTFOLIO RECOVERY ASSOCIATES, LLC <br> CORPORATION SERVICE COMPANY <br><br> *Defendant(s)* | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* PORTFOLIO RECOVERY ASSOCIATES, LLC
120 CORPORATE BOULEVARD SUITE 100
NORFOLK, VIRGINIA 23502

CORPORATION SERVICE COMPANY
505 5TH AVENUE SUITE 729
DES MOINES, IOWA 50309

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    TOMIKA HINDSON "Pro Se"
P.O. BOX 3754
URBANDALE, IOWA 50323

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____09/11/2023_____    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

