

RECEIVED

JUL 2 - 2024

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

TOMIKA HINDSON
    Plaintiff,

Vs.                                                    CASE # 4:23-CV-00376-SHL-WPK

PORTFOLIO RECOVERY ASSOCIATES, LLC
    Defendant,

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### INTRODUCTION

Plaintiff, Ms. Hindson respectfully submits this Opposition to Defendant's Motion to Dismiss. The Motion should be denied because the Plaintiff has sufficiently alleged a concrete and particularized injury, including emotional distress, and has set forth detailed factual allegations supporting her claims under the Fair Debt Collection Practices Act ("FDCPA"). The Court should allow this case to proceed to discovery to fully develop the facts and ensure justice is served.

### BACKGROUND

Plaintiff has filed this action against Defendant for violations of the FDCPA based on a series of misleading and deceptive collection letters sent by Defendant. On or around July 4, 2023, Plaintiff received a collection letter from the Defendant (the "July 4th Letter") which included a perforated form instructing the Plaintiff to respond to an address at ("140 Corporate Boulevard of Norfolk, Virginia 23502"). Subsequently, Plaintiff received additional letters from the Defendant dated July 15, 2023 (the "July 15 Letter") and August 22, 2023 (the "August 22 Letter"), which instructed the Plaintiff to remit payments to ("P.O. BOX 12914 of Norfolk, Virginia 23541"). Plaintiff alleges that these letters or correspondences were all confusing and deceptive, causing her to incur postage costs, emotional distress, and other damages.

Plaintiff mailed a dispute letter/Refusal to pay to the address provided in the July 4th Letter, but it was returned as undeliverable. This inconsistency in addresses prevented the Plaintiff from effectively disputing the alleged debt, further exacerbating her emotional distress and confusion.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a Motion to Dismiss should only be granted if the Complaint fails to state a claim upon which relief can be granted. The Court must accept all factual allegations in the Complaint as true and draw all reasonable inferences in favor of the Plaintiff. A Complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. (Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## ARGUMENT

**A.  Article III Standing**

Plaintiff has suffered a concrete and particularized injury, including emotional distress, stress, and anxiety, as well as the financial burden of postage costs.  The inconsistency in the addresses provided by the Defendant in their dunning letter/correspondences has caused the Plaintiff significant emotional distress, stress, and anxiety as she was unable to properly dispute the alleged debt.  Additionally, the Plaintiff incurred postage expenses for mailing the dispute/refusal to pay letter, which was returned as undeliverable.  This harm is both concrete and particularized, satisfying the requirements for Article III Standing.

**B.  FDCPA Violations**

1.  **Section 1692e-False or Misleading Representations**

   - Defendant's letters provided inconsistent addresses for disputing the debt, which is deceptive and misleading.  Specifically, the July 4 Dunning Letter instructed the Plaintiff to use an address at "140 Corporate Boulevard., while the subsequent letters provided a P.O. Box address".  This inconsistency misled the Plaintiff and impeded her ability to dispute the alleged debt, which is a violation Pursuant to 15 U.S.C. § 1692e.

2.  **Section 1692g-Validation of Debts**

   - Defendant failed to provide a consistent and reliable address for disputing the debt, violating the requirement to provide a clear and accurate statement of the consumer's rights to dispute the alleged debt Pursuant to 15 U.S.C. § 1692g.

3.  **Strict Liability Nature of FDCPA Violations**

   - The FDCPA is a strict liability statue, meaning that a debt collector's intent or knowledge is irrelevant to establishing liability.  Once a violation is demonstrated, the debt collector is liable for damages.  In this case, the Defendant's inconsistent and misleading communication regarding the dispute addresses is a clear violation of the FDCPA, regardless of intent.  This strict liability framework ensures that consumer protection is paramount, and any deviation from the statutory requirements constitutes a violation.

**C.  Sufficiency of the Complaint**

Plaintiff's Complaint contains sufficient factual matter to state a claim for relief that is plausible on its face.  The Complaint details specific instances of the Defendant's deceptive practices, including the inconsistent addresses provided in the dunning letter correspondences and the returned dispute/refusal to pay letter.  These facts are sufficient to state a claim under the FDCPA, and the Court must accept these allegations as true at this stage of the proceedings.

**D.  Plaintiff's Litigation History is Irrelevant**

While the Defendant's legal counsel assertions that Plaintiff is a frequent filer and has filed 12 lawsuits in this Court since February 9, 2023, are indeed irrelevant to the merits of this case.  The FDCPA provides a private right of action for consumers to challenge deceptive and abusive debt collection practices.  The fact

that Plaintiff has exercised her legal rights under the FDCPA and other consumer protection statues in the past does not diminish the validity of her claims in this case.

Courts have consistently recognized that a Plaintiff's litigation history does not preclude them from seeking relief for legitimate violations of the law.  Each case must be evaluated on its own merits.  In this instance, Plaintiff has presented specific and detailed allegations of the Defendant's deceptive practices, which have caused her concrete and particularized harm, including emotional distress, stress, and anxiety.  These allegations are sufficient to state a claim under the FDCPA, regardless of the Plaintiff's previous litigation activities.

Furthermore, the FDCPA is designed to protect consumers like the Plaintiff, who take action to hold debt collectors accountable for unlawful practices.  Plaintiff's willingness to assert her rights under the FDCPA should be seen as a commitment to upholding the integrity of the law, rather than a basis for dismissing her claims.

E.   Defendant's Litigation History

Defendant's legal counsel should also note or have known that their client too has a very huge presence as the Plaintiff in numerous litigation cases as well.  Defendant's Counsels attempt to portray the Plaintiff's character in a negative light due to her litigation history is disingenuous, given that Defendant frequently engages in litigation to collect alleged debts from consumers whom are often unaware of their rights to defend themselves against illegal debt collection practices.  The Defendant's litigation history underscores the reality that parties often resort to the Courts to resolve disputes and enforce legal rights, which is precisely what the Plaintiff is doing in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss and allow this case to proceed to Discovery.  Plaintiff has sufficiently alleged concrete and particularized injuries, including emotional distress, stress, and anxiety, and has provided detailed factual allegations supporting her claims under the FDCPA.  Plaintiff's litigation history is irrelevant to the determination of the merits of this case, and the Defendant's own litigation history further illustrates the appropriateness of seeking judicial resolution for legal disputes.

## EXHIBITS

1.   EXHIBIT A: Copy of the July 4th Letter from Defendant

2.   EXHIBIT B: Copy of the July 15th Letter from the Defendant

3.   EXHIBIT C: Copy of the August 22nd Letter from the Defendant

4.   EXHIBIT D: Copy of Plaintiff's Dispute/Refusal to Pay Letter with Envelope marked "Return to Sender" to be presented upon Discovery as evidence.

Respectfully Submitted,

Tomika Hindson "Pro Se"





Envelope

Recycle me.





ORIGIN ID:JBRA   (928) 875-5124
TOMIKA SHREE HINDSON
7010 SW 15TH ST

DES MOINES, IA 50315
UNITED STATES US

SHIP DATE: 28JUN24
ACTWGT: 0.15 LB
CAD: 6991355/SSF02521

BILL CREDIT CARD

TO **UNITED STATES DISTRICT COURT**
   **SOUTHERN DISTRICT OF IOWA**
   **123 EAST WALNUT ST**
   **SUITE 300**
   **DES MOINES IA 50309**
   (928) 875-5124            REF:

TUE − 02 JUL 5:00
** 2DAY *

TRK# 2764 4510 7302

**SP DSMA**                     5030
                          IA-US DSM

