THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

TOMIKA HINDSON
    Plaintiff,

Vs.                                                                          CASE # 4:23-CV-00376-SHL-WPK

PORTFOLIO RECOVERY ASSOCIATES, LLC
    Defendant,

### JURISDICTION AND VENUE:

This Court has jurisdiction over this matter Pursuant to 15 USC § 1681p, 15 USC § 1692k, 28 USC §§ 1331 and 1337. Venue is proper in this district under 28 USC § 1391(b).

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL FOR THE FOLLOWING CLAIM(S):

1. Plaintiff hereby files this Amended Complaint against Defendant alleging violations of the Fair Debt Collection Practices Act: 15 U.S.C. § 1692 et seq., for Defendant's violation of 15 USC § 1692b(2), 15 USC § 1692b(5), 15 USC § 1692e(2)(A), & 15 USC § 1692e(10).

2. Plaintiff further alleges that Defendant violated the Fair Credit Reporting Act: 15 U.S.C. § 1681 et seq., through its violation of 15 U.S.C. § 1681b(f).

3. Plaintiff additionally brings a claim of Intrusion Upon Seclusion under the Iowa common law.

4. Plaintiff hereby demands a trial by jury on all claims so triable.

### PARTIES:

5. Plaintiff (Tomika Hindson) is a natural person, a resident of Urbandale, Iowa and is a "consumer" as defined by the FDCPA 15 USC § 1692a(3) and as defined by the FCRA 15 U.S.C. § 1681a(c).

6. Plaintiff (Tomika Hindson), files this present Civil Complaint against Defendant(s) PORTFOLIO RECOVERY ASSOCIATES, LLC for several violations of the Fair Debt Collection Practices Act ("FDCPA") 15 USC § 1692 as aforementioned.

7. Defendant (PORTFOLIO RECOVERY ASSOCIATES) is a Foreign Limited Liability Company with a Branch located in Delaware, A Registered address of 120 Corporate Boulevard Suite 100 of Norfolk, Virginia 23502.

8. Defendant (HEREINAFTER) (PRA,LLC) have an Agent Named CORPORATION SERVICE COMPANY located at 505 5th Avenue Suite 729 of Des Moines, Iowa 50309.

9. Defendant (PRA, LLC), a company engaged via use of USPS Mail, Phone, Electronic Communication to collecting alleged debt as defined by 15 USC § 1692a(5) from consumers.

10. Defendant (PRA, LLC), is a large Debt Collection Agency that purchases and or collects charged-off debts from various creditors like Credit Card Companies, Retailers, Banks, Medical Accounts and Installment Loans etc,.

11. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

FACTUAL ALLEGATIONS:

12. In July 2023, Plaintiff received a collection letter from Defendant, dated July 4, 2023 in regards to an alleged debt owed to Capital One ("First Collection Letter"). The letter indicated that "Mail this form to: PORTFOLIO RECOVERY ASSOCIATES, LLC-140 CORPORATE BLVD-NORFOLK, VA 23502 attached as EXHIBIT A.

13. In response to the "First Collection Letter", on July 20, 2023 Plaintiff mailed a letter to Defendant ("Plaintiff Response Letter") to the address indicated in the First Collection Letter. In Plaintiff's Response Letter, Plaintiff stated a refusal to pay the alleged debt and a request to cease further communications regarding the alleged debt. Plaintiff also requested verification of the alleged debt in writing. Plaintiff's Response Letter was dated July 15, 2023 and was sent via USPS certified mail, as evidenced by Certified Tracking Receipt #9589-0710-5270-0895-8108-59, attached as EXHIBIT B.

14. On August 25, 2023, Plaintiff received a second letter from the Defendant, dated July 15, 2023 ("Second Letter") due to the timing, Plaintiff believes the Second Letter and the Plaintiff's Response Letter may have crossed in the mail attached as EXHIBIT C.

15. On August 29, 2023, Plaintiff received a third letter from Defendant, dated August 22, 2023 ("Third Letter") attached as EXHIBIT D.

16. On August 28, 2023, Plaintiff received Plaintiff's Response Letter that had been sent to the Defendant on July 20, 2023 via certified mail. The returned letter now had a yellow label stating, "Unable To Forward" and "Return To Sender". Upon inspecting the returned letter, Plaintiff then examined the addresses listed on the other correspondence from the Defendant. Plaintiff noticed the addresses differed between the First, Second and third correspondence to which the Plaintiff's Response Letter was originally mailed attached as EXHIBIT E.

17. Upon examining the addresses listed on the Second and Third correspondence, Plaintiff noted these letters directed payment to "PORTFOLIO RECOVERY ASSOCIATES, LLC-P.O. BOX 12914-NORFOLK, VA 23541" attached as EXHIBIT C and EXHIBIT D respectively.

18. Plaintiff reviewed the tracking history of Plaintiff's Response Letter that was sent to the Defendant via certified mail on July 20, 2023. The tracking history showed the letter arrived in Norfolk, Virginia on or around August 3, 2023, and was then re-routed back to the Plaintiff by August 10, 2023, attached as EXHIBIT F.

19. Upon inspecting the Second and Third correspondences, Plaintiff identified apparent violations of the Fair Debt Collection Practices Act ("FDCPA") contained therein. Specifically, the correspondence appeared to violate:

> 15 USC § 1692b(2) – By stating Plaintiff owes a debt;

> 15 USC § 1692b(5) – Using language and symbol on any envelope or it's contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt.

> 15 USC § 1692e(2)(A) – False representation of the Character, Amount, or legal status of a debt.

> 15 USC § 1692e(10) – The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a concerning a consumer.

20. ("PRA") is a "user" of consumer reports as defined by 15 U.S.C. § 1681a(u).

21. On or around July 4, 2024, Plaintiff pulled all three Consumer Reports from each Consumer Reporting Agency via annualcreditreport.com as she occasionally does upon receiving notifications of possible changes and discovered that the Defendant had accessed her TransUnion Consumer Report on two separate occasions.

22. On or around July 2, 2023, and again on July 9, 2023, ("PRA") accessed the Plaintiff's Consumer Report from TransUnion on more than one occasion within a 30-day period absent a permissible purpose.

These apparent FDCPA and FCRA Violations formed the basis for Plaintiff bringing this Complaint against Defendant.

## CAUSE OF ACTION

### COUNT I: VIOLATION OF FDCPA - 15 USC § 1692b(2)

23. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

24. Defendant, sent Plaintiff a collection letter regarding an alleged debt, which letter stated Plaintiff owed a debt, in violation of 15 USC § 1692b(2).

25. On July 15, 2023, Plaintiff sent a response letter requesting Defendant cease further communications, which response letter was returned as undeliverable on August 28, 2023.

26. Despite Plaintiff's request to cease communication, Defendant sent Plaintiff at least two additional correspondences dated July 15, 2023, and August 22, 2023.

27. Defendant provided inconsistent return addresses for the Plaintiff's response versus its own letters, indicating an invalid or inaccurate address for communication.

28. Defendant's continued communications despite Plaintiff's request, and use of deceptive return addresses, constitutes violations of 15 USC § 1692b(2).

29. Additionally, the return addresses used by the Defendant in the correspondence(s) were deceptive. The first correspondence dated July 4, 2023, instructed the Plaintiff to mail it to "PORTFOLIO RECOVERY

ASSOCIATES, LLC-140 CORPORATE BLVD-NORFOLK, VA 23502" (EXHIBIT A). However, the Defendant's subsequent correspondences, dated July 15, 2023 (EXHIBIT C) and August 22, 2023 (EXHIBIT D), displayed the address "PORTFOLIO RECOVERY ASSOCIATES, LLC-P.O. BOX 12914-NORFOLK, VA 23541" as the return address.

### COUNT II: VIOLATION OF FDCPA - 15 USC § 1692b(5)

30. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

31. On July 15, 2023, and August 22, 2023, Defendant used language and or symbols on the envelope and or it's contents of the communication was from a debt collector, thus falsely representing the nature of the communication.

32. The Defendant's correspondences, dated July 15, 2023 (EXHIBIT C) and August 22, 2023 (EXHIBIT D), displayed the address "PORTFOLIO RECOVERY ASSOCIATES, LLC-P.O. BOX 12914-NORFOLK, VA 23541" as the return address.

33. By using language and symbols within the contents of the correspondence that indicated the communication was from a debt collector, the Defendant violated 15 USC § 1692b5).

### COUNT III: VIOLATION OF FDCPA - 15 USC § 1692e(2)(A)

34. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

35. The Defendant, is in violation of 15 USC § 1692e(2)(A), falsely represented the character, amount, or legal status of the alleged debt.

36. The Defendant's correspondence(s) contained false representations regarding the character, amount, or legal status of the alleged debt.

37. By making false representations regarding the character, amount, or legal status of the alleged debt, the Defendant violated 15 USC § 1692e(2)(A).

### COUNT IV: VIOLATION OF FDCPA - 15 USC § 1692e(10)

38. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

39. On or around July 15, 2023, and August 22, 2023, Defendant sent Plaintiff correspondence regarding an alleged debt.

40. The Defendant's correspondence(s) contained false representations or deceptive means to collect the alleged debt or obtain information concerning the Plaintiff.

41. By using false representations or deceptive means to collect or attempt to collect the alleged debt, Defendant violated 15 USC § 1692e(10)'s prohibition on employing false, deceptive, or misleading representations or means in debt collection.

### COUNT V: VIOLATION OF FCRA - 15 USC § 1681b(f)

42. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

43. Obtaining and/or accessing the Plaintiff's Consumer Report from TransUnion on two separate occasions within a 30-day period absent a permissible purpose, in violation of the prohibition on multiple pulls within a short period of time.

### COUNT VI: INTRUSION UPON SECLUSION

44. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

45. Defendant intentionally intruded upon Plaintiff's solitude, seclusion or private affairs by accessing her confidential Consumer Report without authorization via valid permissible purpose or consent which would constitute a "fishing expedition".

46. Defendant's access would be highly offensive to a reasonable person in that it unlawfully disclosed private facts about Plaintiff without permission.

47. As a result of Defendant's actions, Plaintiff suffered injuries including emotional distress.

WHEREFORE, Plaintiff respectfully requests that judgement be entered in her favor as follows:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and § 1681n-o;
2. Statutory damages of $1,000 total pursuant to 15 U.S.C. § 1692k(a)(2)(A);
3. Statutory damages of not more than $1,000 per FCRA violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);
4. Punitive damages as the Court deems necessary pursuant to 15 U.S.C. § 1681n(a)(2);
5. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and § 1681n-o; and
6. Such other and further relief as the Court deems just and proper.

Respectfully Submitted

/s/ Hunter "Pro Se"

EXHIBIT A