UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| TOMIKA HINDSON, | ) | Case No. 4:23-cv-00376-SHL-WPK |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **DEFENDANT'S RESISTANCE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) | |
| Defendant. | ) | |

Now after Defendant Portfolio Recovery Associates, LLC ("PRA") has filed a well-founded Motion to Dismiss Plaintiff Tomika Hindson's Complaint (Doc. 11), Plaintiff seeks leave to file an Amended Complaint (Doc. 14). Plaintiff, who asserts she is "Pro Se,"[1] seeks leave to amend to add facially deficient claims against PRA pursuant to the Fair Credit Reporting Act ("FCRA") and for intrusion upon seclusion. The basis of Plaintiff's FCRA and intrusion upon seclusion claims are that PRA allegedly violated 15 U.S.C. § 1681b(f) by accessing Plaintiff's credit report without a permissible purpose.

As set forth below, Plaintiff's FCRA claim fails as a matter of law because even assuming the truth of Plaintiff's allegations[2], under 15 U.S.C. § 1681b(a)(3)(A), a debt collector may obtain a debtor's credit report to assist it in collecting upon a debt that arose from a previous

---

[1] Plaintiff, who is proceeding in forma pauperis, appears to be a professional plaintiff, and has filed 11 cases in this District from February 9, 2023, to the present date, in addition to the instant case, all of which contain an FDCPA or FCRA claim, and are captioned as follows: Hindson v. Caine & Weiner Company, Inc., No. 4:2023cv0060; Hindson v. MCSB, Inc., No. 4:2023cv00061; Hindson v. Professional Credit Management Inc., et al., No. 4:2023cv00101; Hindson v. Equifax Information Services, LLC, et al., No. 4:2023cv00158; Hindson v. Central Credit Services Inc., No. 4:2023cv0238; Hindson v. Commonwealth Financial Services, No. 4023cv0239; Hindson v. Enhanced Recovery Company, LLC, et al., No. 4:2023cv00240; Hindson v. Midland Credit Management, Inc., et al., No. 4:2023cv00241; Hindson v. Radius Global Solutions, LLC, No. 4:2023cv00242; Hindson v. General Motors LLC, et al., No. 4:2024cv0173; and Hindson v. DataX, Ltd, et al., No. 4:2024cv00174.

[2] Although not at issue in this Resistance, PRA disputes that it obtained Plaintiff's credit report.

1

credit transaction. Phox v. NCO Fin. Sys., Inc., No. 14-00073, 2014 WL 5438381, at *2 (W.D. Mo. Oct. 24, 2014), aff'd, 604 F. App'x 530 (8th Cir. 2015). Thus, her intrusion upon seclusion claim, which is based on the FCRA claim, also fails as a matter of law.

Furthermore, regarding Plaintiff's other claims, based on the Fair Debt Collection Practices Act ("FDCPA") and that are the same as the claims in her Complaint, amendment should not be allowed because it is futile.

## I. BACKGROUND

As set forth in PRA's Brief in Support of Motion to Dismiss ("Brief," Doc. 11-1), Plaintiff's Complaint alleged that PRA violated four sections of the FDCPA based on three letters that PRA sent to her. (Doc. 11-1 at 1-3.) In PRA's Brief, it explained why all of Plaintiff's FDCPA claims fail as a matter of law. (Doc. 11-1 at 5-9.) Plaintiff opposed PRA's Motion to Dismiss but failed to address all of PRA's arguments. (Doc. 13 at 4-5.)

Now, Plaintiff seeks leave to amend, asserting that on or around July 2, 2023, and July 9, 2023, PRA accessed her TransUnion credit report without a permissible purpose in violation of 15 U.S.C. § 1681b(f), which also intruded upon her seclusion. (Doc. 14-1 ¶¶ 22, 42-47.) The proposed Amended Complaint also includes the same FDCPA claims as set forth in Plaintiff's Complaint. (Compare Doc. 1 ¶¶ 16-34, with Doc. 14-1 ¶¶ 23-41.)

## II. STANDARD

A court may deny leave to amend a complaint where the proposed amendments do not cure the deficiencies in the original complaint. Detroit Gen. Ret. Sys. v. Medtronic, Inc., 621 F.3d 800, 809 (8th Cir. 2010) (holding that district courts may deny leave to amend on the basis of futility).

A court may also deny leave to amend a complaint where amendment would be futile. Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010).

## III. ARGUMENT

### A. Plaintiff's FCRA Claim Fails As A Matter Of Law

The FCRA imposes civil liability on any person who obtains a consumer report for an impermissible purpose, 15 U.S.C. § 1681b(f); and it delineates the purposes for which a consumer reporting agency may furnish a consumer report, 15 U.S.C. § 1681b(a)(3). One such purpose is furnishing a report to a person if the person intends to use the information for the purpose of reviewing or collecting an account of a consumer. 15 U.S.C. § 1681b(a)(3)(A). Meaning that, "[t]his section allows a debt collector to obtain a debtor's credit report to assist it in collecting upon a debt that arose from a previous credit transaction." Phox, 2014 WL 5438381, *2 (citing Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (11th Cir. 2011) (citing 15 U.S.C. § 1681b(a)(3)(A)).

Plaintiff alleges that PRA accessed her consumer report from TransUnion on or about July 2, 2023, and July 9, 2023, without a permissible purpose. (Doc. 14-1 ¶¶ 22, 43.) Plaintiff claims this violated 15 U.S.C. § 1681b(f). For several reasons, Plaintiff's claim is legally deficient.

First, "bare allegations that the defendant did not have a permissible purpose for obtaining a credit report, without more are insufficient." Thomas v. Fin. Recovery Servs., No. 12-1339, 2013 WL 387968, at *4 (C.D. Cal. Jan. 31, 2013) (citing cases). Here, Plaintiff's proposed Amended Complaint contains no facts that elucidate why she believes PRA had no permissible purpose to access her credit report. This lack of factual content does not get Plaintiff's FCRA claim over the pleading hurdle that the Supreme Court laid out in Twombly and Iqbal. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For this reason, Plaintiff's FCRA claim fails to state a claim and, thus, amendment would be futile.

Plaintiff's FCRA claim fails for the additional reason that her proposed Amended Complaint (and Complaint) dispels her claim. The letters at issue in this case, which Plaintiff references in her proposed Amended Complaint, demonstrate that PRA *was* attempting to collect upon a credit card account (i.e., Plaintiff's Capital One N.A. account). (Doc. 11-1 at Exs. 1-A, 1-B, and 1-C.) Thus, even if PRA had accessed Plaintiff's credit report (which it disputes), it would have had a permissible purpose to do so. See, e.g., Hutar v. Cap. One Fin. Corp., No. 15-2100, 2015 WL 4868886, at *4 (D. Minn. July 27, 2015), report and recommendation adopted, No. 15-2100, 2015 WL 4937347 (D. Minn. Aug. 12, 2015) (holding that because plaintiff was seeking credit, the court may draw the inference that defendants intended to use the credit information from plaintiff's credit report for extension of credit, which was a permissible purpose); Eaton v. Cent. Portfolio Control, Inc., No. 14-747, 2014 WL 6982807, at *2-3 (D. Minn. Dec. 9, 2014) (holding that a debt collector has a permissible purpose for accessing a credit report and that disputes about whether the plaintiff owed the debt at all are immaterial). Thus, as a matter of law, Plaintiff cannot establish that PRA lacked a permissible purpose to pull her credit report.

Finally, as to Plaintiff's allegation that PRA violated the FCRA by pulling her credit report multiple times within a 30-day period, (Doc. 14-1 ¶ 43), that is not a violation of Section 1692b(f). See, e.g., Nixon v. Enter. Car Sales Co., No. 09-1896, 2010 WL 11583415, at *2 (E.D. Mo. Aug. 12, 2010) (holding that "[t]o establish a claim for unlawfully obtaining a consumer report under the FCRA, a plaintiff must demonstrate that the defendant (1) obtained or used, (2) a consumer report, (3) without a permissible purpose.").

Simply, Plaintiff has no FCRA claim. Thus, her request to amend her Complaint to add this claim should be denied as futile.

B.  **Even Assuming *Arguendo* That PRA Accessed Plaintiff's Credit Report, Her Claim For Intrusion Upon Seclusion Fails As A Matter Of Law**

The Iowa Supreme Court has held that an intrusion upon seclusion occurs when a person "intentionally *intrudes,* physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns if the intrusion would be *highly offensive to a reasonable person.*" Koeppel v. Speirs, 808 N.W.2d 177, 181 (Iowa 2011) (cleaned up) (emphasis in original).  In the context of intrusion upon seclusion, questions about the reasonable person standard can become questions of law "if reasonable persons can draw only one conclusion from the evidence." Eaton v. Cent. Portfolio Control, Inc., No. 14-747, 2014 WL 6982807, at *2-3 (D. Minn. Dec. 9, 2014).

Plaintiff's intrusion upon seclusion claim fails because it is based entirely on her FCRA claim, and that claim fails as a matter of law.[3]  Daniel v. Equable Ascent Fin., LLC, No. 14-2627, 2015 WL 10739402, at *2 (6th Cir. Sept. 16, 2015) (holding that an intrusion upon seclusion claim failed because it was based on an FCRA claim and the plaintiff failed to prove the elements of that claim).  Case law supports that dismissal of an intrusion upon seclusion claim is appropriate where it is based on an FCRA claim and the plaintiff fails to adequately allege that defendants lacked a permissible purpose for obtaining the plaintiff's credit report.  Id.; Hutar v. Cap. One Fin. Corp., No. 5-2100, 2015 WL 4868886, at *8 (D. Minn. July 27, 2015), report and recommendation adopted, No. 15-2100, 2015 WL 4937347 (D. Minn. Aug. 12, 2015) (citing Eaton, 2014 WL 6982807, *3).  Thus, Plaintiff's intrusion upon seclusion claim is futile.

---

[3] Moreover, accessing another's credit report in good faith "does not typically give rise to an intrusion upon seclusion claim." Id. (citing Phillips v. Grendahl, 312 F.3d 357, 373 (8th Cir. 2002) (denying claim where the report listed a social-security number, addresses of former employers, credit accounts, and a child-support order), abrogated on other grounds by Safeco Ins. Co. Am. v. Burr, 551 U.S. 47 (2007)).

## C. Amendment of Plaintiff's FDCPA Claims Is Futile

Like her Complaint, the proposed Amended Complaint contains four FDCPA counts. (Compare Doc. 1 ¶¶ 16-34, with Doc. 14-1 ¶¶ 23-41.) The first count in the proposed Amended Complaint, based on Section 1692b(2), is identical to the Complaint. (Compare Doc. 1 ¶¶ 16-22, with Doc. 14-1 ¶¶ 23-29.) The second count in the proposed Amended Complaint, based on Section 1692b(5), is identical to the Complaint. (Compare Doc. 1 ¶¶ 23-26, with Doc. 14-1 ¶¶ 30-33.) The third count in the proposed Amended Complaint, based on Section 1692e(2)(A), is identical to the Complaint. (Compare Doc. 1 ¶¶ 27-30, with Doc. 14-1 ¶¶ 34-37.) The fourth count in the proposed Amended Complaint, based on Section 1692e(10), is identical to the Complaint. (Compare Doc. 1 ¶¶ 31-34, with Doc. 14-1 ¶¶ 38-41.) As set forth in PRA's prior briefing (Docs. 11, 13), which is incorporated herein by reference and summarized below, those claims should be dismissed for numerous reasons.

First, those claims should be dismissed because Plaintiff lacks Article III standing. (Doc. 11-1 at 4-5; Doc. 13 ¶¶ 2-4.) Although Plaintiff now, in conjunction with her intrusion upon seclusion claim, asserts that she "suffered injuries including emotional distress," (Doc. 14-1 ¶ 47), the Supreme Court has pronounced "standing is not dispended in gross; rather, plaintiffs must demonstrate standing for each claim that they press . . . ." TransUnion LLC v. Ramirez, 594 U.S. 413, 431 (2021). In the proposed Amended Complaint, Plaintiff pled no injuries whatsoever in conjunction with the FDCPA claims (the proposed Amended Complaint omits the prayer for relief for postage. (Doc. 14-1 ¶¶ 23-41.) Thus, because Plaintiff has not established that she has Article III standing to press those claims, the amendment is futile and should be denied.

Second, alternatively, PRA argued that the FDCPA claims should be dismissed because they are insufficient as a matter of law. (Doc. 11-1 at 5-9; Doc. 13 at 4-5.) As set forth in PRA's

prior briefing, regarding the Section 1692b(2) claim, it is inapplicable because PRA was not "communicating with any person other than the consumer for purposes of acquiring location information," 15 U.S.C. § 1692b(2). (Doc. 11-1 at 6.) Regarding the Section 1692b(5) claim, it fails because use of PRA's name does not establish liability. (Doc. 11-1 at 6-7.) As to the Section 1692e(2)(A) and 1692e(10) claims, there are no factual allegations that advise why the addresses in the letters were false or misleading and the letters demonstrate as a matter of law that the addresses were not false or deceptive. (Doc. 11-1 at 7-9; Doc. 13 at 4-5.)

Because those claims are subject to dismissal, amendment should be denied as futile.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to Amend Complaint should be denied as futile.

DATED this 26th day of July, 2024.

> PORTFOLIO RECOVERY ASSOCIATES, LLC, Defendant
>
> By: /s/ Joshua C. Dickinson
> Joshua C. Dickinson, AT0009512
> Spencer Fane LLP
> 13815 FNB Parkway, Suite 200
> Omaha, NE 68154
> Telephone: (402) 965-8600
> Fax: (402) 965-8601
> E-mail: jdickinson@spencerfane.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Southern District of Iowa, this 26th day of July, 2024, with notice of case activity generated and served on Pro Se Plaintiff via e-mail transmission and first class U.S. Mail, addressed follows:

Tomika Hindson
P.O. Box 3754
Urbandale, IA 50323
hindson.tomika74@yahoo.com

/s/ Joshua C. Dickinson